[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
This is a medical malpractice case. Defendants move for summary judgment, claiming that the plaintiffs are barred by the statute of limitations set forth in General Statutes 52-584.
It is undisputed that plaintiff, Debra Burton, knew of her cancer several days prior to March 15, 1989. Thus the statute of limitations began to run prior to that date. Suit was not brought until March 15, 1991. Therefore the plaintiff would be barred from bringing this action in accordance with 52-584
unless the period was tolled by 52-109a(b). That statute provides as follows:
 "Upon petition to the clerk of the court where the action will be filed, an automatic ninety-day extension of the statute of limitations shall be granted to allow the reasonable inquiry required by subsection (a) of this section. This period shall be in addition to other tolling periods."
The plaintiff's attorney filed a petition to the clerk of the court for a ninety-day extension in November 1990. This would toll the statute of limitations to sometime in June of 1991.
Defendants claim that the tolling of the statute should not apply in this case because the plaintiff had already made a reasonable inquiry required by subsection (a) of said statute. They claim that the clerk allowed the extra 90 days without questioning whether the plaintiff needed the extra time.
The court holds that the clerk had no authority to make such an inquiry. The statute of limitations should be tolled in accordance with the terms of 52-190a(b) inasmuch as the petition was filed prior to the running of the statute of CT Page 2228 limitations. 52-190a(b) does not require that the petition be filed at any particular period of time prior to the statute of limitations. No conditions are attached to the granting of said petition.
The motion for summary judgment is denied.
Allen, J. CT Page 2229
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 2230